UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LINDA MARIE WYATT, | **DECISION AND ORDER** |
| Plaintiff, | |
| v. | 1:16-CV-00799(JJM) |
| NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION | |
| Defendant.[1] | |

---

This is an action brought pursuant to 42 U.S.C. §405(g) to review the final determination of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, that plaintiff was not entitled to Disability Insurance Benefits ("DIB"). Before the court are the parties' cross-motions for judgment on the pleadings [14, 19],[2] which the parties have consented to be addressed by me [21]. Having reviewed the parties' submissions [14, 19, 20], plaintiff's motion is granted and the Acting Commissioner's motion is denied.

## BACKGROUND

On November 20, 2012 plaintiff, who was 51 years old, filed an application for DIB, alleging a disability onset date of February 28, 2007, due to a variety of ailments, including chronic obstructive pulmonary disorder ("COPD"), herniated discs at L5 and C4, and

---

[1] Since Nancy A. Berryhill is now the Acting Commissioner of Social Security, she is substituted for Carolyn W. Colvin as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). *See* Quintana v. Berryhill, 2017 WL 491657, *7 n. 1 (W.D.N.Y. 2017).

[2] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

degenerative disk disease in the neck. Administrative record [8], pp. 163, 171, 174. Her date last insured was determined to be September 30, 2011. Id., p. 18. After plaintiff's claim for DIB was initially denied (id., pp. 72-75), an administrative hearing was held on March 17, 2015 before Administrative Law Judge Grenville W. Harrop, Jr., at which plaintiff, who was represented by counsel, and a vocational expert testified. Id., pp. 32-61.

In his April 2, 2015 decision (id., pp. 16-26), ALJ Harrop found that plaintiff's severe impairments were degenerative disc disease of the lumbar and cervical spines, migraine headaches, and COPD (id., p. 18), and that she had the residual functional capacity ("RFC") to perform light work, but with the following limitations: "mild to moderate . . . restriction involving twisting and turning of the cervical spine . . . . [A]void smoke, dust and other respiratory irritants . . . . [R]estricted from activities requiring exertion . . . . [and] that would involve exposure to bright lights, loud sounds". Id., p. 20. In reaching that RFC, ALJ Harrop gave significant weight to the opinions of Michael Rosenberg, M.D., who found that plaintiff could stand for three hours and walk for three hours in an eight hour day ([8], p. 492), Julius Horvath, D.C., who recommended that she not lift more than 15 pounds and avoid excessive bending (id., p. 256), and Melvin Brothman, M.D., who opined in November 2006 that she was unable to work more than 28 hours per week (id., p. 347) and opined in May 2007 that she was unable to return to "full duty" and needed to avoid excessive bending. Id., p. 279.

Based on ALJ Harrop's RFC and the vocational expert's testimony, ALJ Harrop concluded that plaintiff was capable of performing her past relevant work as a cashier, and therefore was not disabled from the alleged onset date through the date last insured. Id., p. 26. The Appeals Council denied plaintiff's request for review (id., pp. 1-3), and thereafter plaintiff commenced this action.

# ANALYSIS

## A. Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

It is well-settled that an adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. In this case, it is not disputed that: (1) plaintiff is not currently engaged in substantial gainful activity; (2) plaintiff has at least one severe impairment that limits his or her mental or physical ability to do basic work activity; and (3) plaintiff's severe impairments do not meet or equal the listings in Appendix 1 of the regulations. At issue here is the fourth step: whether plaintiff retains the RFC to perform her past relevant work. 20 C.F.R. §§404.1520, 416.920. Plaintiff bears the burden of proof on this step. *See* Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

## B. Did ALJ Harrop Properly Consider the Medical Opinions of Drs. Brothman, Horvath, and Rosenberg?

Plaintiff argues that ALJ Harrop gave substantial weight to the opinions of Drs. Borthman, Horvath and Rosenberg, but rendered an RFC in conflict with portions of those opinions. Plaintiff's Memorandum of Law [14-1], pp. 12-17. "[T]here is no absolute bar to

crediting only portions of medical source opinions." Wethington v. Berryhill, 2017 WL 2129493, *3 (W.D.N.Y. 2017). However, the ALJ "must address the totality of a medical opinion to which it assigns great weight". Cooley v. Berryhill, 2017 WL 3236446, *12 (W.D.N.Y. 2017). "[A]t a minimum, the ALJ must explain why a medical source opinion was not adopted in full where the ALJ's RFC assessment conflicts with that opinion. Accordingly, an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions." Gonzalez v. Colvin, 2016 WL 5793425, *8 (W.D.N.Y. 2016); Searles v. Astrue, 2010 WL 2998676, *4 (W.D.N.Y. 2010).

That did not occur here. For example, ALJ Harrop gave significant weight to Dr. Horvath's opinion that included a limitation that plaintiff not lift more than 15 pounds ([8], p. 256), yet concluded that she could perform light work, which requires the ability to lift up to 20 pounds. *See* Meyer v. Commissioner, 2011 WL 3440152, *10 (E.D. Mich.), adopted, 2011 WL 3471411 (E.D. Mich. 2011) ("even if Plaintiff could lift 15 pounds with some regularity, this does not necessarily mean that Plaintiff could perform all the lifting limitations of light work"). The Acting Commissioner concedes that ALJ Harrop "did not wholly adopt this restriction", but argues that Dr. Horvath's opinion was not given controlling weight. Acting Commissioner's Brief [19-1], p. 19.

However, even without giving the opinion controlling weight, by affording it significant weight, ALJ Harrop was required to address the entirety of the opinion, including those portions that were inconsistent with his RFC. *See* Pike v. Colvin, 2015 WL 1280484, *7 (W.D.N.Y. 2015) ("[t]he ALJ gave great weight to the opinion of Dr. Voloshin" and "seemed to 'cherry pick' that aspect of Dr. Voloshin's report that supported the RFC for light work, but disregarded the specific restrictions imposed by Dr. Voloshin that would prevent the plaintiff

-4-

from lifting more than 10 pounds. This inconsistent use of Dr. Voloshin's opinion, without any explanation by the ALJ, is insufficient to support his physical residual functional capacity assessment that plaintiff could perform light work"); Wilson v. Astrue, 2010 WL 1534191, *4 (D. Kan.), adopted, 2010 WL 1534198 (D. Kan. 2010) (remanding where the ALJ gave "great weight" to a medical opinion that the plaintiff could lift no more than 15 pounds, which conflicted with the ALJ's RFC assessment).

Likewise, Dr. Rosenberg opined that plaintiff was able to stand for up to three hours in an eight hour day and to walk for up to three hours in an eight hour day. [8], p. 492 Plaintiff argues that the full range of light work requires the ability to stand and walk for six hours out of an eight hour day, but that there is no indication that Dr. Rosenberg opined that the three hours of standing and walking could be combined into a total of six hours of plaintiff being on her feet. Plaintiff's Memorandum of Law [14-1], p. 15. Significantly, the Acting Commissioner does not dispute this. Instead, she argues that "the ALJ was not required to wholly adopt Dr. Rosenberg's opinion". Acting Commissioner's Brief [19-1], p. 22. That is true, but if he did not do so, he was obligated to explain why he not giving weight to portions of the opinion. *See* Battease v. Commissioner of Social Security, 2016 WL 3824146, *7 (N.D.N.Y. 2016) (finding error where the "the ALJ assigned 'great weight' to 'most' [of the doctor's the medical] opinions, and did not expressly discount their opinions that plaintiff would need to alternate positions between sitting and standing approximately every half hour", but failed to "impose any similar restriction in the RFC").

Alternatively, the Acting Commissioner argues that ALJ Harrop's RFC was consistent with the portion of Dr. Rosenberg's opinion that plaintiff had a mild restriction for activities entailing prolonged standing and walking. Acting Commissioner's Brief [19-1], p. 22,

*citing* [8], p. 486. While Dr. Rosenberg quantified plaintiff's ability to stand and walk in terms of the hours he was able to do each in an eight hour day, he more generally described plaintiff as having "mild restrictions for activities that entail prolonged standing and walking". Id., p. 486. To the extent that Dr Rosenberg's opinion that plaintiff had a mild restriction for prolonged standing walking is consistent with the ability to perform the full range of light work, that portion of his opinion was inconsistent with his specific quantification of those restrictions that would not permit plaintiff to perform the full range of light work.

Faced with that inconsistency, ALJ Harrop could not cherry pick the portion of Dr. Harrop's opinion that supported his RFC and ignore the portions that did not. *See* Royal v. Astrue, 2012 WL 5449610, *6 (N.D.N.Y. 2012), adopted, 2012 WL 5438945 (N.D.N.Y. 2012) ("[i]In effect, [the] ALJ . . . 'cherry picked' the evidence, relying on some statements to support his conclusion, while ignoring other substantive detail to the contrary from the same sources. This, however, does not satisfy a substantial evidence standard. While ALJs are entitled to resolve conflicts in the record, they cannot pick and choose only evidence that supports a particular conclusion").

With respect to Dr. Brothman, the Acting Commissioner argues that his opinion that plaintiff could not currently return to full time work was given for Workers' Compensation purposes and an opinion on an issue reserved to the Commissioner and, as such, not binding. Acting Commissioner's Brief [19-1], p. 17, *citing* 20 CFR §§404.1504; 404.1527(e)(1)) As plaintiff notes, the fact that this portion of his opinion was not binding on ALJ Harrop does not mean that he was precluded from crediting it, as he did by granting the entire opinion significant weight. Plaintiff's Reply Memorandum of Law [20], p. 2. The Acting Commissioner's arguments for why this portion of Dr. Brothman's opinion should have been afforded no weight

are absent from ALJ Harrop's decision. Such *post-hoc* explanations are not entitled to consideration. *See* Demera v. Astrue, 2013 WL 391006, *3 n.3 (E.D.N.Y. 2013) ("[t]he ALJ did not provide these explanations . . . and *post hoc* rationalizations for the ALJ's decision are not entitled to any weight"). *See also* Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) ("we may not affirm an administrative action on grounds different from those considered by the agency").

Therefore, remand is necessary for a proper assessment of the opinions of Drs. Brothman, Horvath, and Rosenberg.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [14] is granted, the Acting Commissioner's motion [19] is denied, and the action is remanded for a proper assessment of the opinions of Drs. Brothman, Horvath and Rosenberg,

**SO ORDERED**.

Dated: November 6, 2018

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge